**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4498**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CHARLES ANTHONY ASHE, JR.,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, Chief District Judge.  (8:11-cr-00659-DKC-1)

———————

Submitted: March 28, 2013          Decided:  April 4, 2013

———————

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Timothy J. Sullivan, BRENNAN SULLIVAN & MCKENNA LLP, Greenbelt, Maryland, for Appellant.  Sandra Wilkinson, Assistant United States Attorney, Paul Nitze, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Charles Anthony Ashe, Jr., appeals his conviction following his conditional guilty plea, pursuant to a written plea agreement, to possession with intent to distribute controlled dangerous substances, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, Ashe's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in denying his motion to suppress the drugs found during a warrantless search of his vehicle. Finding no error, we affirm.

In considering the district court's denial of the motion to suppress, we review the district court's legal determinations de novo and its factual determinations for clear error. United States v. Buckner, 473 F.3d 551, 553 (4th Cir. 2007). "Since the district court denied the defendant's motion below, we construe the evidence in the light most favorable to the [G]overnment." See United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008).

"[W]e treat a traffic stop, whether based on probable cause or reasonable suspicion, under the standard set forth in Terry v. Ohio, 392 U.S. 1 . . . (1968)." United States v. Digiovanni, 650 F.3d 498, 506 (4th Cir. 2011). The Terry analysis involves first determining "whether the police

2

officer's action was justified at its inception." Id. We conclude that the officers' stop of Ashe was justified by their observance of him driving a vehicle without wearing a seatbelt.

The second prong of Terry requires "analyz[ing] whether the police officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop." Id. We conclude that the district court did not err in finding that the police officer's observance of marijuana residue on the floorboard of the vehicle was reasonable. Under the automobile exception to the warrant requirement of the Fourth Amendment, once the police officer observed the marijuana residue, the officers had probable cause to believe that the vehicle contained contraband and could search the vehicle without a warrant. See United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010) (finding, post-Arizona v. Gant, 556 U.S. 332 (2009), that "if a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more") (internal quotation marks and brackets omitted). To the extent Ashe challenges the officers' credibility, "[w]e . . . defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal

3

quotation marks omitted).  Thus, we conclude that the district court did not err in denying Ashe's motion to suppress the drugs and other physical evidence recovered during the search.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Ashe, in writing, of the right to petition the Supreme Court of the United States for further review.  If Ashe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Ashe.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4